a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DANIEL LEE FROST (#555375),<br>Plaintiff | CIVIL ACTION NO. 1:18-CV-716; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| NATCHITOCHES PARISH<br>DETENTION CENTER, ET AL.,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Daniel Lee Frost ("Frost") (#555375). Frost was granted leave to proceed *in forma pauperis.* (Doc. 10). At the time of filing, Frost was an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Natchitoches Parish Correctional Center ("NPDC") in Natchitoches, Louisiana. Frost seeks monetary damages for being held beyond his designated release date.

Frost's complaint should be dismissed because it is either untimely or barred by Heck v. Humphrey, 512 U.S. 477, 486–87 (1994).

I.     Background

Frost alleges that he was arrested for simple battery on August 1, 2016, and transported to the NPDC with a parole hold. Frost alleges that his full term date on parole was September 18, 2016. (Doc. 1, p. 5; Doc. 7, p. 3). A few weeks prior to his full term date, Frost's parole officer visited him in jail. Frost was informed that his parole hold would be lifted if he paid his remaining parole fee of $315.00. (Doc. 7, p.

4).  Frost explained that he could not afford to pay the fee.  Frost alleges that he was told he would be kept in jail until he paid the fee.  (Doc. 7, p. 4).

At 12:01 a.m. on September 18, 2016, Frost asked an officer to check the computers to see if Frost's parole hold had been lifted.  (Doc. 7, p. 5).  According to Frost, the officer confirmed that the hold had been lifted.  (Doc. 7, p. 5).  However, Frost was not released.

In early October, 2016, Frost went to court, where the district attorney said that Frost could be released if he had no holds.  (Doc. 7, p. 5).  Nonetheless, Defendant Melissa Murray informed Frost and his attorney that Frost could not be released until he paid the $315.00 parole fine.  (Doc. 7, p. 5).  Frost was returned to NPDC.

Frost alleges he file a petition for writ of habeas corpus in the state court. According to Frost, the petition was granted, and Frost was released.  (Doc. 7, p. 6).

## II.    Law and Analysis

### A.    Frost's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Frost is a prisoner who has been allowed to proceed *in forma pauperis*.  (Doc. 10).  As a prisoner seeking redress from an officer or employee of a governmental entity, Frost's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003) (holding that prison management corporations and their employees are state actors under § 1983).  Because he is proceeding *in forma pauperis*, Frost's complaint is also subject to screening under § 1915(e)(2).  Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua*

*sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B.   Frost's complaint is either barred by Heck v. Humphrey or the one-year statute of limitations.

Frost seeks monetary damages for an allegedly unlawful period of imprisonment. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486–87 (1994).

Frost claims that his imprisonment beyond September 16, 2016, was declared invalid by the state court granting his petition for writ of habeas corpus. Frost did not provide the Court with a copy of the writ. Regardless, if Frost is incorrect, and his imprisonment from September 16, 2016 through November 1, 2016 was not

invalidated by the issuance of a writ of habeas corpus, his claim for monetary damages related to that imprisonment is barred by Heck v. Humphrey.

To the extent Frost's imprisonment from September 16, 2016 through November 1, 2016 was, in fact, invalidated by the granting of a writ of habeas corpus, the prescriptive period within which Frost could file a § 1983 action began to run the date the writ was granted. See Heck, 512 U.S. at 489–90 (cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated). Frost alleges the writ was granted on or around November 1, 2016, the date he was released. (Doc. 7, p. 6). Therefore, Frost had one year from that date within which to file a claim for damages. See Alford v. United States, 693 F.2d 498, 499 (5th Cir. 1982) (statute of limitations borrowed from state law); see also La. Civ. Code Ann. art. 3492; Gaspard v. United States, 713 F.2d 1097, 1102 n. 11 (5th Cir. 1983) (providing for one-year limitations period); see also Brown v. Nationsbank Corp., 188 F.3d 579, 589-90 (5th Cir. 1999) (cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action).

Frost's complaint was not filed until May 29, 2018, well after the expiration of the prescriptive period. Therefore, to the extent Frost's complaint is not barred by Heck, it is barred by the one-year statute of limitations.

III.    Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the complaint be DENIED and DISMISSED with prejudice under §§ 1915(e)(2)(b) and 1915A, as either time-barred or barred by Heck.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this   24th day of July, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge